UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------
LEVENTE NAGY,

Plaintiff,

-against-

MHP LAND ASSOCIATES LLC, MASTIC ASSOCIATES OF NEW YORK LLC, OGDEN CAP PROPERTIES, LLC, ES BUILDERS GROUP LLC and ABC CORP., a fictitious name intending to be that of an unknown contractor,

Defendants.
--------------------------------------------

CASE NO. 19-cv-6395

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendants on January 23, 2019, in the County of New York, State of New York.

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

## III. THE PARTIES

5. At all times herein mentioned, plaintiff LEVENTE NAGY was and still is a citizen and resident of Hungary.

6. The defendant MHP LAND ASSOCIATES LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Bronx and the State of New York.

7. At all times herein mentioned, PIM Holding Co. is a member of defendant MHP LAND ASSOCIATES LLC.

8. The defendant MASTIC ASSOCIATES OF NEW YORK LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

9. At all times herein mentioned, PIM Holding Co. is a member of defendant MASTIC ASSOCIATES OF NEW YORK LLC.

10. At all times herein mentioned, PIM Holding Co. was and still is a New York general partnership comprised of a trust in which Paul Milstein and Irma Milstein are co-trustees.

11. At all times herein mentioned, Paul Milstein was and still is a citizen and resident of New York.

12. At all times herein mentioned, Irma Milstein was and still is a citizen and resident of New York.

13. The defendant OGDEN CAP PROPERTIES, LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of

Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

14. At all times herein mentioned, Philip Milstein and Constance Milstein are members of defendant OGDEN CAP PROPERTIES, LLC.

15. At all times herein mentioned, Philip Milstein was and still is a citizen and resident of New York.

16. At all times herein mentioned, Constance Milstein was and still is a citizen and resident of New York.

17. The defendant ES BUILDERS GROUP LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

18. At all times herein mentioned, Jordan DeCandia and Christian Perla are members of defendant ES BUILDERS GROUP LLC.

19. At all times herein mentioned, Jordan DeCandia was and still is a citizen and resident of New York.

20. At all times herein mentioned, Christian Perla was and still is a citizen and resident of New York.

21. The defendant ABC CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of an unknown State, with its principal place of business situated in an unknown County and an unknown State.

## IV. FACTUAL ALLEGATIONS

22. On January 23, 2019, plaintiff LEVENTE NAGY was performing certain construction work at the premises known as 155 East 31st Street, New York, NY, a/k/a "Windsor Court" [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

23. On January 23, 2019, plaintiff LEVENTE NAGY was employed by Spring Scaffolding LLC.

24. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MHP LAND ASSOCIATES LLC.

25. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MASTIC ASSOCIATES OF NEW YORK LLC.

26. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant OGDEN CAP PROPERTIES, LLC.

27. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ES BUILDERS GROUP LLC.

28. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

29. That at some point prior to January 23, 2019, it was agreed between defendant MHP LAND ASSOCIATES LLC and defendant MASTIC ASSOCIATES OF NEW YORK LLC, among other things, defendant MASTIC ASSOCIATES OF NEW YORK LLC would perform construction work and provide labor services at the subject premises.

30. That on January 23, 2019, defendant MASTIC ASSOCIATES OF NEW YORK LLC was the general contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

31. That on January 23, 2019, defendant MASTIC ASSOCIATES OF NEW YORK LLC was acting as the general contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

32. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

33. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

34. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

35. That at some point prior to January 23, 2019, it was agreed between defendant MHP LAND ASSOCIATES LLC and defendant OGDEN CAP PROPERTIES, LLC, among other things, defendant OGDEN CAP PROPERTIES, LLC would perform construction work and provide labor services at the subject premises.

36. That on January 23, 2019, defendant OGDEN CAP PROPERTIES, LLC was the general contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

37. That on January 23, 2019, defendant OGDEN CAP PROPERTIES, LLC was acting as the general contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

38. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

39. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

40. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

41. That at some point prior to January 23, 2019, it was agreed between defendant MHP LAND ASSOCIATES LLC and defendant ES BUILDERS GROUP LLC, among other things, defendant ES BUILDERS GROUP LLC would perform construction work and provide labor services at the subject premises.

42. That on January 23, 2019, defendant ES BUILDERS GROUP LLC was the general contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

43. That on January 23, 2019, defendant ES BUILDERS GROUP LLC was acting as the general contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

44. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

45. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

46. That at some point prior to January 23, 2019, it was agreed between defendant MHP LAND ASSOCIATES LLC and defendant ABC CORP., among other things, defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

47. That on January 23, 2019, defendant ABC CORP. was the general contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

48. That on January 23, 2019, defendant ABC CORP. was acting as the general contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

49. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

50. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

51. That at some point prior to January 23, 2019, it was agreed between defendant MHP LAND ASSOCIATES LLC and Spring Scaffolding LLC, among other things, Spring Scaffolding LLC would perform construction work and provide labor services at the subject premises.

52. That on January 23, 2019, Spring Scaffolding LLC was the contractor working at the subject premises for defendant MHP LAND ASSOCIATES LLC.

53. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

54. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

55. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

56. That at some point prior to January 23, 2019, it was agreed between defendant MASTIC ASSOCIATES OF NEW YORK LLC and defendant MHP LAND ASSOCIATES

LLC, among other things, defendant MHP LAND ASSOCIATES LLC would perform construction work and provide labor services at the subject premises.

57. That on January 23, 2019, defendant MHP LAND ASSOCIATES LLC was the general contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC.

58. That on January 23, 2019, defendant MHP LAND ASSOCIATES LLC was acting as the general contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC.

59. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

60. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

61. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

62. That at some point prior to January 23, 2019, it was agreed between defendant MASTIC ASSOCIATES OF NEW YORK LLC and defendant OGDEN CAP PROPERTIES, LLC, among other things, defendant OGDEN CAP PROPERTIES, LLC would perform construction work and provide labor services at the subject premises.

63. That on January 23, 2019, defendant OGDEN CAP PROPERTIES, LLC was the general contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC.

64. That on January 23, 2019, defendant OGDEN CAP PROPERTIES, LLC was acting as the general contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC.

65. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

66. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

67. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

68. That at some point prior to January 23, 2019, it was agreed between defendant MASTIC ASSOCIATES OF NEW YORK LLC and defendant ES BUILDERS GROUP LLC, among other things, defendant ES BUILDERS GROUP LLC would perform construction work and provide labor services at the subject premises.

69. That on January 23, 2019, defendant ES BUILDERS GROUP LLC was the general contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC.

70. That on January 23, 2019, defendant ES BUILDERS GROUP LLC was acting as the general contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC.

71. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

72. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

73. That at some point prior to January 23, 2019, it was agreed between defendant MASTIC ASSOCIATES OF NEW YORK LLC and defendant ABC CORP., among other things, defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

74. That on January 23, 2019, defendant ABC CORP. was the general contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC.

75. That on January 23, 2019, defendant ABC CORP. was acting as the general contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC

76. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

77. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

78. That at some point prior to January 23, 2019, it was agreed between defendant MASTIC ASSOCIATES OF NEW YORK LLC and Spring Scaffolding LLC, among other things, Spring Scaffolding LLC would perform construction work and provide labor services at the subject premises.

79. That on January 23, 2019, Spring Scaffolding LLC was the contractor working at the subject premises for defendant MASTIC ASSOCIATES OF NEW YORK LLC.

80. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

81. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

82. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

83. That at some point prior to January 23, 2019, it was agreed between defendant OGDEN CAP PROPERTIES, LLC and defendant MHP LAND ASSOCIATES LLC, among other things, defendant MHP LAND ASSOCIATES LLC would perform construction work and provide labor services at the subject premises.

84. That on January 23, 2019, defendant MHP LAND ASSOCIATES LLC was the general contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

85. That on January 23, 2019, defendant MHP LAND ASSOCIATES LLC was acting as the general contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

86. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

87. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

88. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

89. That at some point prior to January 23, 2019, it was agreed between defendant OGDEN CAP PROPERTIES, LLC and defendant MASTIC ASSOCIATES OF NEW YORK LLC, among other things, defendant MASTIC ASSOCIATES OF NEW YORK LLC would perform construction work and provide labor services at the subject premises.

90. That on January 23, 2019, defendant MASTIC ASSOCIATES OF NEW YORK LLC was the general contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

91. That on January 23, 2019, defendant MASTIC ASSOCIATES OF NEW YORK LLC was acting as the general contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

92. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

93. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

94. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

95. That at some point prior to January 23, 2019, it was agreed between defendant OGDEN CAP PROPERTIES, LLC and defendant ES BUILDERS GROUP LLC, among other things, defendant ES BUILDERS GROUP LLC would perform construction work and provide labor services at the subject premises.

96. That on January 23, 2019, defendant ES BUILDERS GROUP LLC was the general contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

97. That on January 23, 2019, defendant ES BUILDERS GROUP LLC was acting as the general contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

98. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

99. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

100. That at some point prior to January 23, 2019, it was agreed between defendant OGDEN CAP PROPERTIES, LLC and defendant ABC CORP., among other things, defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

101. That on January 23, 2019, defendant ABC CORP. was the general contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

102. That on January 23, 2019, defendant ABC CORP. was acting as the general contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

103. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

104. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

105. it was agreed between defendant OGDEN CAP PROPERTIES, LLC and Spring Scaffolding LLC, among other things, Spring Scaffolding LLC would perform construction work and provide labor services at the subject premises.

106. That on January 23, 2019, Spring Scaffolding LLC was the contractor working at the subject premises for defendant OGDEN CAP PROPERTIES, LLC.

107. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

108. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

109. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

110. That at some point prior to January 23, 2019, it was agreed between defendant ES BUILDERS GROUP LLC and defendant ABC CORP., among other things, defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

111. That on January 23, 2019, defendant ABC CORP. was the contractor working at the subject premises for defendant ES BUILDERS GROUP LLC.

112. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

113. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

114. That at some point prior to January 23, 2019, it was agreed between defendant ES BUILDERS GROUP LLC and Spring Scaffolding LLC, among other things, Spring Scaffolding LLC would perform construction work and provide labor services at the subject premises.

115. That on January 23, 2019, Spring Scaffolding LLC was the subcontractor working at the subject premises for defendant ES BUILDERS GROUP LLC.

116. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

117. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

118. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

119. That at some point prior to January 23, 2019, it was agreed between defendant ABC CORP. and defendant ES BUILDERS GROUP LLC, among other things, defendant ES BUILDERS GROUP LLC would perform construction work and provide labor services at the subject premises.

120. That on January 23, 2019, defendant ES BUILDERS GROUP LLC was the contractor working at the subject premises for defendant ABC CORP.

121. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

122. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

123. That at some point prior to January 23, 2019, it was agreed between defendant ABC CORP. and Spring Scaffolding LLC, among other things, Spring Scaffolding LLC would perform construction work and provide labor services at the subject premises.

124. That on January 23, 2019, Spring Scaffolding LLC was the subcontractor working at the subject premises for defendant ABC CORP.

125. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

126. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

127. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

128. That thereafter, and on or about January 23, 2019, defendant MASTIC ASSOCIATES OF NEW YORK LLC was actually engaged in performing construction work

and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MHP LAND ASSOCIATES LLC.

129. That thereafter, and on or about January 23, 2019, OGDEN CAP PROPERTIES, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MHP LAND ASSOCIATES LLC.

130. That thereafter, and on or about January 23, 2019, ES BUILDERS GROUP LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MHP LAND ASSOCIATES LLC.

131. That thereafter, and on or about January 23, 2019, ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MHP LAND ASSOCIATES LLC.

132. That thereafter, and on or about January 23, 2019, Spring Scaffolding LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MHP LAND ASSOCIATES LLC.

133. That thereafter, and on or about January 23, 2019, defendant MHP LAND ASSOCIATES LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MASTIC ASSOCIATES OF NEW YORK LLC.

134. That thereafter, and on or about January 23, 2019, OGDEN CAP PROPERTIES, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MASTIC ASSOCIATES OF NEW YORK LLC.

135. That thereafter, and on or about January 23, 2019, ES BUILDERS GROUP LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MASTIC ASSOCIATES OF NEW YORK LLC.

136. That thereafter, and on or about January 23, 2019, ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MASTIC ASSOCIATES OF NEW YORK LLC.

137. That thereafter, and on or about January 23, 2019, Spring Scaffolding LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MASTIC ASSOCIATES OF NEW YORK LLC.

138. That thereafter, and on or about January 23, 2019, defendant MHP LAND ASSOCIATES LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant OGDEN CAP PROPERTIES, LLC.

139. That thereafter, and on or about January 23, 2019, MASTIC ASSOCIATES OF NEW YORK LLC was actually engaged in performing construction work and labor services at

the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant OGDEN CAP PROPERTIES, LLC.

140. That thereafter, and on or about January 23, 2019, ES BUILDERS GROUP LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant OGDEN CAP PROPERTIES, LLC.

141. That thereafter, and on or about January 23, 2019, ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant OGDEN CAP PROPERTIES, LLC.

142. That thereafter, and on or about January 23, 2019, Spring Scaffolding LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant OGDEN CAP PROPERTIES, LLC.

143. That thereafter, and on or about January 23, 2019, ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ES BUILDERS GROUP LLC.

144. That thereafter, and on or about January 23, 2019, Spring Scaffolding LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ES BUILDERS GROUP LLC.

145. That thereafter, and on or about January 23, 2019, ES BUILDERS GROUP LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

146. That thereafter, and on or about January 23, 2019, Spring Scaffolding LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

147. That at all times herein mentioned, and or about January 23, 2019, plaintiff LEVENTE NAGY was actually engaged in the course of his employment as a construction laborer by Spring Scaffolding LLC, which said contractor was engaged by defendant MHP LAND ASSOCIATES LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MHP LAND ASSOCIATES LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

148. That at all times herein mentioned, and or about January 23, 2019, plaintiff LEVENTE NAGY was actually engaged in the course of his employment as a construction laborer by Spring Scaffolding LLC, which said contractor was engaged by defendant MASTIC ASSOCIATES OF NEW YORK LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MASTIC ASSOCIATES OF NEW YORK LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

149. That at all times herein mentioned, and or about January 23, 2019, plaintiff LEVENTE NAGY was actually engaged in the course of his employment as a construction laborer by Spring Scaffolding LLC, which said contractor was engaged by defendant OGDEN CAP PROPERTIES, LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant OGDEN CAP PROPERTIES, LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

150. That at all times herein mentioned, and or about January 23, 2019, plaintiff LEVENTE NAGY was actually engaged in the course of his employment as a construction laborer by Spring Scaffolding LLC, which said contractor was engaged by defendant ES BUILDERS GROUP LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ES BUILDERS GROUP LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

151. That at all times herein mentioned, and or about January 23, 2019, plaintiff LEVENTE NAGY was actually engaged in the course of his employment as a construction laborer by Spring Scaffolding LLC, which said contractor was engaged by defendant ABC CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

152. That on or about January 23, 2019, and while plaintiff LEVENTE NAGY was lawfully engaged upon said premises in performing certain construction work, labor and services

in the course of his employment as a construction laborer by his employer Spring Scaffolding LLC, he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

153. That at all times herein mentioned, and on or about January 23, 2019, defendant MHP LAND ASSOCIATES LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

154. That at all times herein mentioned, and on or about January 23, 2019, defendant MHP LAND ASSOCIATES LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

155. That at all times herein mentioned, and on or about January 23, 2019, defendant MASTIC ASSOCIATES OF NEW YORK LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

156. That at all times herein mentioned, and on or about January 23, 2019, defendant MASTIC ASSOCIATES OF NEW YORK LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

157. That at all times herein mentioned, and on or about January 23, 2019, defendant OGDEN CAP PROPERTIES, LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

158. That at all times herein mentioned, and on or about January 23, 2019, defendant OGDEN CAP PROPERTIES, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

159. That at all times herein mentioned, and on or about January 23, 2019, defendant ES BUILDERS GROUP LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

160. That at all times herein mentioned, and on or about January 23, 2019, defendant ES BUILDERS GROUP LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

161. That at all times herein mentioned, and on or about January 23, 2019, defendant ABC CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

162. That at all times herein mentioned, and on or about January 23, 2019, defendant ABC CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Spring Scaffolding LLC, plaintiff's employer.

163. Defendant MHP LAND ASSOCIATES LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff LEVENTE NAGY, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford

him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

164. Defendant MHP LAND ASSOCIATES LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

165. Defendant MHP LAND ASSOCIATES LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

166. Defendant MHP LAND ASSOCIATES LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

167. Defendant MHP LAND ASSOCIATES LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

168. Defendant MHP LAND ASSOCIATES LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

169. Defendant MASTIC ASSOCIATES OF NEW YORK LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff LEVENTE NAGY, ladders, scaffolds, nets, ropes or other devices so constructed, placed and

operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

170. Defendant MASTIC ASSOCIATES OF NEW YORK LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

171. Defendant MASTIC ASSOCIATES OF NEW YORK LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

172. Defendant MASTIC ASSOCIATES OF NEW YORK LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

173. Defendant MASTIC ASSOCIATES OF NEW YORK LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

174. Defendant MASTIC ASSOCIATES OF NEW YORK LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

175. Defendant OGDEN CAP PROPERTIES, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff LEVENTE NAGY, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford

him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

176. Defendant OGDEN CAP PROPERTIES, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

177. Defendant OGDEN CAP PROPERTIES, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

178. Defendant OGDEN CAP PROPERTIES, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

179. Defendant OGDEN CAP PROPERTIES, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

180. Defendant OGDEN CAP PROPERTIES, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

181. Defendant ES BUILDERS GROUP LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff LEVENTE NAGY, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford

him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

182. Defendant ES BUILDERS GROUP LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

183. Defendant ES BUILDERS GROUP LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

184. Defendant ES BUILDERS GROUP LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

185. Defendant ES BUILDERS GROUP LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

186. Defendant ES BUILDERS GROUP LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

187. Defendant ABC CORP. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff LEVENTE NAGY, ladders, scaffolds, nets,

ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

188. Defendant ABC CORP. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

189. Defendant ABC CORP. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

190. Defendant ABC CORP. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

191. Defendant ABC CORP. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

192. Defendant ABC CORP. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

193. That on or about January 23, 2019, while working at the subject premises, plaintiff LEVENTE NAGY was caused to fall from an elevated height.

194. By reason of the foregoing, plaintiff LEVENTE NAGY was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff LEVENTE NAGY will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. FIRST CAUSE OF ACTION

195. The allegations of the preceding paragraphs are repeated here as if fully stated.

196. Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

197. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VI. SECOND CAUSE OF ACTION

198. The allegations of the preceding paragraphs are repeated here as if fully stated.

199. On January 23, 2019, plaintiff LEVENTE NAGY was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

200. The work contracted for by the defendant MHP LAND ASSOCIATES LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

201. The work contracted for by the defendant MASTIC ASSOCIATES OF NEW YORK LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

202. The work contracted for by the defendant OGDEN CAP PROPERTIES, LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

203. The work contracted for by the defendant ES BUILDERS GROUP LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

204. The work contracted for by the defendant ABC CORP. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

205. Plaintiff was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

206. Plaintiff was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

207. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VII. DEMAND FOR TRIAL

208. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
July 9, 2019

**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK CASE NO.

---

LEVENTE NAGY,

Plaintiff,

-against-

MHP LAND ASSOCIATES LLC, MASTIC ASSOCIATES OF NEW YORK LLC, OGDEN CAP PROPERTIES, LLC, ES BUILDERS GROUP LLC and ABC CORP., a fictitious name intending to be that of an unknown contractor,

Defendants.

---

---

**COMPLAINT AND JURY DEMAND**

---

**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777